UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPLICATION FOR SEARCH WARRANT FOR EMAIL ACCOUNT [Redacted] MAINTAINED ON COMPUTER SERVERS OPERATED BY GOOGLE, INC. HEADQUARTERED AT 1600 AMPHITHEATRE PARKWAY, MOUNTAIN VIEW, CA | Mag. No. 10-291-M-01 |
| APPLICATION FOR SEARCH WARRANT FOR EMAIL ACCOUNT [Redacted] MAINTAINED ON COMPUTER SERVERS OPERATED BY YAHOO!, INC. HEADQUARTERED AT 701 FIRST AVENUE, SUNNYVALE, CA | Mag. No. 09-616-M-01 |
| APPLICATION FOR SEARCH WARRANT FOR EMAIL ACCOUNT [Redacted] MAINTAINED ON COMPUTER SERVERS OPERATED BY YAHOO!, INC. HEADQUARTERED AT 701 FIRST AVENUE, SUNNYVALE, CA | Mag. No. 09-619-M-01 |

## MEMORANDUM AND ORDER

The Court has entered separate orders today granting the motions of the United States to unseal and place on the public record in these three magistrate cases the entire record, with only the name of the e-mail account at issue redacted, along with birth dates to protect individual privacy.

As a result of press inquiries, the Court has carefully examined the dockets of these cases,

and has concluded that a series of administrative errors by the Court's staff has caused unnecessary delay in complying with prior Court orders to unseal materials and place them on the public record.

First, in Mag. No. 10-291-M-01, the Court, on September 20, 2010 signed a sealed Memorandum and Order reversing the Magistrate Judge and ordering that the government is not required to give notice to the subscriber or customer of an e-mail account whose account is the subject of a warrant issued under the Electronic Communications Privacy Act, §§2701–2010. On the same date, following my standard practice as Chief Judge, I ordered the government to file a proposed redacted version of the Court's September 20 Memorandum and Order that could be unsealed with identifiers redacted. The government complied, and on November 1, 2010, an order was entered that the redacted opinion be unsealed and placed on the public record. The redacted version, dated November 1, 2010, and the unsealing order were in fact placed on the Court's website under "Unsealed Court Opinions" that same day, and they have remained there. Administrative error number one then occurred—the November 1 unsealing order and the November 1 unsealed, redacted version of the September 20 Memorandum and Order were filed under seal on the dockets of this case, in direct violation of this Court's order. I discovered this error as a result of press inquiries on May 20, 2013. I have directed the Clerk's Office to correct this error.

Second, on November 7, 2011, the government moved to unseal the search warrant and related materials in Case No. 10-291-M-01, and place a redacted version on the public record and Magistrate Judge Kay signed an order granting the government's motion. The second administrative error then occurred—the Clerk's Office docketed the motion for unsealing and Magistrate Judge Kay's order under seal, but failed to comply with the order and did not place

the redacted warrant and related materials on the public record.

Third, on the same date, November 7, 2011, the government moved to unseal the search warrant and related materials in Mag. No. 09-616-M-01, and Magistrate Judge Kay granted the motion and ordered a redacted version filed on the public record. Again, the Clerk's Office failed to comply with the order.

Fourth, on the same date, November 7, 2011, the government moved to unseal the search warrant and related materials in Mag. No. 09-619-M-01, and Magistrate Judge Kay granted the motion and ordered a redacted version filed on the public record. Again, the Clerk's Office failed to comply with the order.

The Clerk's Office has been unable to explain why none of these errors were discovered as a result of our "quality control" efforts to double-check docket entries and orders daily.

The fifth administrative error occurred on May 16, 2013, when as a result of press inquiries the Clerk's Office discovered its failure to comply with Magistrate Judge Kay's unsealing order in Mag. No. 10-291-M-01. The Clerk's Office then made a public docket entry for the motion and order and placed the unsealed materials on the public record as required by the order of November 7, 2011, but erroneously attributed the order to Magistrate Judge Facciola, rather than Magistrate Judge Kay. These May 16, 2013, docket entries were made without consultation with any judge.

The Court apologizes to the public and the media for the administrative errors made by the Court's staff in these matters. A review of the duty performance of the personnel involved is underway, as well as a review of the Court's administrative processes.

Additionally, as a result of discussions with media representatives, I have directed that a new category be added to the Court's website, where all search warrants and arrest warrants will

be publicly available after execution, unless a separate sealing order is entered to redact all or portions when the government makes the showing required by *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) and *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991).

It is **SO ORDERED** this \_\_22nd\_\_ day of May 2013.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court for the District of Columbia